```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )
     v.                       )    CIVIL ACTION NO.
                              )     3:11cv937-MHT
ONE PARCEL OF PROPERTY        )          (WO)
LOCATED AT 9607 LEE ROAD      )
72, WAVERLY, LEE COUNTY,      )
ALABAMA, WITH ALL             )
APPURTENANCES THEREON,        )
(Tax Map No.                  )
43-06-07-26-0-000-026.003)    )
et al.,                       )
                              )
     Defendants.              )
```

OPINION AND ORDER

The cause is before the court on the government's request for appointment of a guardian ad litem for claimant Broderick Zellers. The court cannot rule on the government's request at this time because the record contains insufficient evidence for the court to determine Zellers's competency to participate in this civil asset forfeiture proceeding. Accordingly, the

court will order a psychological evaluation of Zellers's legal competency.

Federal Rule of Civil Procedure 17(c) provides for the appointment of a guardian ad litem to "protect an incompetent person" in a civil action. However, Rule 17(c) does not define "incompetent person." This court agrees with other courts that have referred to the preceding subsection, 17(b), for its definition. See, e.g., Thomas v. Humfield, 916 F.2d 1032, 1035 (5th Cir. 1990); Donnelly v. Parker, 486 F.2d 402, 406 (D.C. Cir. 1973); Scannavino v. Florida Dep't of Corr., 242 F.R.D. 662, 663 (M.D. Fla. 2007) (Merryday, J.). Rule 17(b) requires federal courts to determine an individual litigant's capacity to sue, and hence the need for a guardian ad litem, "by the law of the individual's domicile."

Zellers's State of domicile is Alabama. The Alabama Rules of Civil Procedure provide only that the capacity "to sue or be sued shall be determined by the law of this

state," and, like the federal rules, stop short of providing a definition. Ala. R. Civ. P. 17(b). The Alabama Code does, however, offer a definition of "incapacitated person" within its chapter on guardianship. 1975 Ala. Code § 26-2A-20(8). In this context, Alabama law defines "incapacitated person" as:

> "Any person who is impaired by reason of mental illness, mental deficiency, physical illness or disability, physical or mental infirmities accompanying advanced age, chronic use of drugs, chronic intoxication, or other cause (except minority) to the extent of lacking sufficient understanding or capacity to make or communicate responsible decisions."

Id. The critical question is thus whether a person "lack[s] sufficient understanding or capacity to make or communicate responsible decisions." Id. Although Alabama state courts have not directly held that this definition applies to determining a person's capacity to litigate, one federal court has employed it for that purpose. See Brown v. Williamson, 134 F. Supp. 2d 1286, 1291 (M.D. Ala. 2001) (Albritton, J.).

Without the benefit of clear state directive, other federal courts have analyzed the civil competency question in terms of whether the litigant "understand[s] the nature and effect of the litigation."  <u>Bodnar v. Bodnar</u>, 441 F.2d 1103, 1104 (5th Cir. 1971);[*] <u>Scannavino</u>, 242 F.R.D. at 664.  This federal standard strikes the court as but a more specific application of Alabama's "incapacitated person" definition to the civil litigation context.  In other words, a litigant who cannot "understand the nature and effect of the litigation" is a litigant who is incapable of "making or communicating responsible decisions" as to that litigation.

Therefore, although this court finds no state case law directly on point, Alabama's statutory definition of "incapacitated person" provides enough guidance for the court to make an educated guess as to how the Alabama

---

* In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business September 30, 1981.

4

courts would approach this issue.  See <u>Smigiel v. Aetna Cas. & Sur. Co.</u>, 785 F.2d 922, 925 (11th Cir. 1986); <u>Trail Builders Supply Co. V. Reagan</u>, 409 F.2d 1059, 1061 (5th Cir. 1969).  The court thus views the relevant inquiry to be whether there is sufficient evidence in the record to determine that Zellers is mentally impaired to the extent that he cannot understand the nature and effect of this litigation.

Letters from Zellers's mental-health treatment providers show that he has been in treatment for schizophrenia for over 25 years.  Less than one year ago he was hospitalized "for an acute decompensation with depression."  Letter from Brenda Moon, MSN (Doc. No. 56 Ex. 8).  Zellers's sister, Yolanda Zellers, states that his "ability to comprehend legal issues is limited to non-existent."  Aff. Yolanda Zellers (Doc. No. 56 Ex. 6).

Based on the foregoing representations, this court has serious concerns about Zellers's ability to understand the current legal proceeding.  However, the

5

court is not prepared to declare Zellers incompetent without the benefit of a full and timely report from a mental healthcare professional.  The court thus will order a psychological evaluation to determine whether Zellers is able to understand the legal nature and effect of the pending litigation.  The court and the parties agree that Dr. Karl Kirkland, with Kirkland & King Clinical & Forensic Psychologists PC, should complete the evaluation.  The government has agreed to pay the cost of the evaluation.

***

Accordingly, it is ORDERED as follows:

(1) Dr. Karl Kirkland is appointed to perform a psychological evaluation of claimant Broderick Zellers. The United States is to bear the cost of Dr. Kirkland's time and expenses.

(2) Within 14 days, claimant Zellers is to meet with Dr. Kirkland for the purpose of having a psychological evaluation conducted.

(3) Within 21 days, Dr. Kirkland shall prepare a psychological report and shall file said report with this court. The report shall include claimant Zellers's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; Dr. Kirkland's findings; and Dr. Kirkland's opinions as to claimant Zellers's diagnosis and prognosis and whether claimant Zellers is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and effect of the pending litigation.

DONE, this the 21st day of November, 2012.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE