**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 3:11cv937-MHT** |
| | ) | (WO) |
| **ONE PARCEL OF PROPERTY** | ) | |
| **LOCATED AT 9607 LEE ROAD** | ) | |
| **72, WAVERLY, LEE COUNTY,** | ) | |
| **ALABAMA, WITH ALL** | ) | |
| **APPURTENANCES AND** | ) | |
| **IMPROVEMENTS THEREON,** | ) | |
| **(Tax Map No. 43-06-07-26-0-000-026.002),** | ) | |
| | ) | |
| **ONE PARCEL OF PROPERTY** | ) | |
| **LOCATED AT 9607 LEE ROAD** | ) | |
| **72, WAVERLY, LEE COUNTY,** | ) | |
| **ALABAMA, WITH ALL** | ) | |
| **APPURTENANCES AND** | ) | |
| **IMPROVEMENTS THEREON,** | ) | |
| **(Tax Map No. 43-06-07-26-0-000-026.003),** | ) | |
| | ) | |
| **ONE PARCEL OF PROPERTY** | ) | |
| **LOCATED AT 8895 LEE ROAD** | ) | |
| **72, WAVERLY, LEE COUNTY,** | ) | |
| **ALABAMA, WITH ALL** | ) | |
| **APPURTENANCES AND** | ) | |
| **IMPROVEMENTS THEREON,** | ) | |
| **(Tax Map No. 43-06-07-25-0-000-014.001),** | ) | |
| | ) | |
| Defendants. | ) | |

**DECREE OF FORFEITURE AS TO ONE PARCEL OF PROPERTY**
**LOCATED AT 9607 LEE ROAD 72, WAVERLY, LEE COUNTY, ALABAMA,**
**WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON**
**(Tax Map No. 43-06-07-26-0-000-026.003)**

Before the Court is the United States of America's ("United States") Motion for Decree of Forfeiture.

On November 1, 2011, the United States filed a Verified Complaint for Forfeiture <u>In Rem</u> pursuant to 18 U.S.C. § 985 to forfeit and condemn to the use and benefit of the United States the real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map No. 43-06-07-26-0-000-026.003).  The United States alleged that the Defendant property was used, or intended to be used, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 841(a)(1) and 846. Because the Defendant real property facilitated a violation of 21 U.S.C. § 841(a)(1) and a conspiracy to commit the same offense in violation of 21 U.S.C. § 846, offenses punishable by more than one year's imprisonment, the Defendant real property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7). (Doc. #1).

It appearing that process was fully issued in this action and returned according to law:

Pursuant to the Order for Notice <u>In Rem</u> issued by this Court on November 4, 2011 (Doc. #3), the United States Marshals Service posted a copy of the Notice of Complaint for Forfeiture against Real Property and the Order for Notice <u>In Rem</u> on the Defendant real property on January 9, 2012 (Doc. #8);

Notice of this civil forfeiture action was posted on an official government internet site (www.forfeiture.gov) for a period of 30 consecutive days, beginning on November 8, 2011, and ending December 7, 2011, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. #6);

On January 9, 2012, a deputy United States Marshal personally served Roderick Laman Nelms with copies of the Verified Complaint for Forfeiture <u>In Rem</u>,  Notice of  Complaint for Forfeiture against Real Property and the Order for Notice <u>In Rem</u> (Doc. #11);

2

On February 10, 2012, Roderick Laman Nelms filed a Claim to the Defendant property (Doc. #19);

On February 14, 2012, Roderick Laman Nelms filed an Answer to the Verified Complaint (Doc. #21);

On October 12, 2012, the United States and Claimant Roderick Laman Nelms entered into a Stipulation for Compromise Settlement whereby Claimant agreed to pay the United States $1,500.00 as a substitute *res* for the Defendant property, and the United States agreed to release the Defendant property; and

No other claim or answer has been filed on behalf of any other party.

\*\*\*

Now, therefore, on motion of the United States for a Decree of Forfeiture (doc. no. 91), and for good cause otherwise shown, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that said motion is granted as follows:

(1) The $1,500.00 specified in the Stipulation will be made a substitute *res* for the Defendant real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map No. 43-06-07-26-0-000-026.003).

(2) The United States will file a Release of Lis Pendens with the Judge of Probate, Lee County, Alabama, as to Defendant real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map No. 43-06-07-26-0-000-026.003).

(3) The United States Marshals Service, Middle District of Alabama, will remove all documents posted to Defendant real property and premises located at 9607 Lee Road

72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map No. 43-06-07-26-0-000-026.003).

(4) The $1,500.00 shall be disposed of according to law.

(5) Defendant real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map No. 43-06-07-26-0-000-026.003) is terminated as a party.

(6) This case is not closed.

DONE this the 28th day of December, 2012.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE