**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 3:11cv937-MHT** |
| | ) **(WO)** |
| **ONE PARCEL OF PROPERTY** | ) |
| **LOCATED AT 9607 LEE ROAD** | ) |
| **72, WAVERLY, LEE COUNTY,** | ) |
| **ALABAMA, WITH ALL** | ) |
| **APPURTENANCES AND** | ) |
| **IMPROVEMENTS THEREON,** | ) |
| **(Tax Map No. 43-06-07-26-0-000-026.002),** | ) |
| | ) |
| **ONE PARCEL OF PROPERTY** | ) |
| **LOCATED AT 8895 LEE ROAD** | ) |
| **72, WAVERLY, LEE COUNTY,** | ) |
| **ALABAMA, WITH ALL** | ) |
| **APPURTENANCES AND** | ) |
| **IMPROVEMENTS THEREON,** | ) |
| **(Tax Map No. 43-06-07-25-0-000-014.001),** | ) |
| | ) |
| **Defendants.** | ) |

**DECREE OF FORFEITURE AS TO ONE PARCEL OF PROPERTY**
**LOCATED AT 9607 LEE ROAD 72, WAVERLY, LEE COUNTY, ALABAMA,**
**WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON**
**(Tax Map No. 43-06-07-26-0-000-026.002)**

Before the Court is the United States of America's ("United States") Motion for Decree of Forfeiture.

On November 1, 2011, the United States filed a Verified Complaint for Forfeiture In Rem pursuant to 18 U.S.C. § 985 to forfeit and condemn to the use and benefit of the United States the real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map No. 43-06-07-26-0-000-026.002). The

United States alleged that the Defendant property was used, or intended to be used, to commit, or to facilitate the commission of a violation of 21 U.S.C. §§ 841(a)(1) and 846. Because the Defendant real property facilitated a violation of 21 U.S.C. § 841(a)(1) and a conspiracy to commit the same offense in violation of 21 U.S.C. § 846, offenses punishable by more than one year's imprisonment, the Defendant real property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7). (Doc. #1).

It appearing that process was fully issued in this action and returned according to law:

Pursuant to the Order for Notice In Rem issued by this Court on November 4, 2011 (Doc. #3), the United States Marshals Service posted a copy of the Notice of Complaint for Forfeiture against Real Property and the Order for Notice In Rem on the Defendant real property on January 9, 2012 (Doc. #7);

Notice of this civil forfeiture action was posted on an official government internet site (www.forfeiture.gov) for a period of 30 consecutive days, beginning on November 8, 2011, and ending December 7, 2011, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. #6);

On November 18, 2011, a deputy United States Marshal personally served Tommie Nelms with copies of the Verified Complaint for Forfeiture In Rem, Notice of  Complaint for Forfeiture against Real Property and the Order for Notice In Rem (Doc. #5);

On January 9, 2012, a deputy United States Marshal personally served Vicki Nelms with copies of the Verified Complaint for Forfeiture In Rem, Notice of  Complaint for Forfeiture against Real Property and the Order for Notice In Rem (Doc. #10);

On February 10, 2012, Vicki Nelms filed a Claim to the Defendant property (Doc. #20);

On February 14, 2012, Vicki Nelms filed an Answer to the Verified Complaint (Doc. #23);

On February 27, 2012, Tommie Nelms was defaulted for failure to file a claim within the time set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. #36);

On August 31, 2012, a deputy United States Marshal served Elaine Rhodes on behalf of CharterBank, Opelika, Alabama, with copies of the Verified Complaint for Forfeiture In Rem, Notice of  Complaint for Forfeiture against Real Property and the Order for Notice In Rem (Doc. #50);

On September 19, 2012, CharterBank, as Successor in Interest to Eagle Bank of Alabama, filed a Claim to the Defendant property (Doc. #62) and an Answer to the Verified Complaint (Doc. #63);

On October 25, 2012, the United States and CharterBank entered into a Stipulation for Compromise Settlement in which Claimant CharterBank consented to the entry of a Decree of Forfeiture and the United States agreed to pay all outstanding loan agreements from the proceeds of sale of the Defendant property (Doc. #77-1);

On January 7, 2014, the United States and Claimant Vicki Nelms entered into a Stipulation for Compromise Settlement whereby Claimant agreed to pay the United States $28,681.00 in lieu of forfeiting for the Defendant property (Doc. #126-1);

No other claim or answer has been filed on behalf of any other party;

Now, therefore, on motion of the United States for a Decree of Forfeiture (Doc. # 138),

3

and for good cause otherwise shown, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that said motion is granted as follows:

(1)     The $28,681.00 specified in the Stipulation will be paid in lieu of forfeiting the Defendant real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map. No. 43-06-07-26-0-000-026.002).

(2)     The United States will file a Release of Lis Pendens with the Judge of Probate, Lee County, Alabama, as to the Defendant real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map. No. 43-06-07-26-0-000-026.002).

(3)     The United States Marshals Service, Middle District of Alabama, will remove all documents posted to the Defendant real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map. No. 43-06-07-26-0-000-026.002).

(4)     The $28,681.00 shall be disposed of according to law.

(5)     Defendant real property and premises located at 9607 Lee Road 72, Waverly, Lee County, Alabama, with all appurtenances and improvements thereon (Tax Map. No. 43-06-07-26-0-000-026.002) is terminated as a party.

This case is not closed

DONE this the 19th day of March, 2014.

_____/s/  Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE