IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )      CIVIL ACTION NO.
     v.                       )        3:11cv937-MHT
                              )
ONE PARCEL OF PROPERTY        )
LOCATED AT 8895 LEE ROAD      )
72, WAVERLY, LEE COUNTY,      )
ALABAMA, WITH ALL             )
APPURTENANCES AND             )
IMPROVEMENTS THEREON,         )
(Tax Map No.                  )
43-06-07-25-0-000-014.001),   )
                              )
     Defendant.               )
```

OPINION

This civil forfeiture proceeding is now before the court on plaintiff United States of America's motion for partial decree of forfeiture and severance as to the interest of Tommie L. Nelms (also known as Tommy Lee Nelms) in 8895 Lee Road, Waverly, Alabama. For the reasons that follow, the motion will be granted.

## I.  BACKGROUND

November 1, 2011: This civil lawsuit seeking forfeiture of properties at the following locations was filed: 9607 Lee Road and 8895 Lee Road, Waverly, Alabama.

November 18, 2011: Service was perfected on Tommie L. Nelms, a potential claimant.

February 27, 2012: The clerk the court entered default against Nelms.

December 28, 2012, and March 19, 2014: Decrees of forfeiture were entered as to as to 9607 Lee Road as to all claimants, except as to Vicki Nelms who agreed to pay the government $ 28,681 in lieu of forfeiting the property.

June 12, 2014: The government filed a motion for forfeiture as to Nelms's interest in 8895 Lee Road.

June 17, 2014: The court issued a show-cause order, with a June 30 deadline, to Nelms.

June 25, 2014: Nelms requested additional time to respond to the show-cause order.

June 26, 2014: The court gave Nelms until August 4, 2014, to respond to the show-cause order.

July 30, 2014: Nelms filed a response to the show-cause order.

September 12, 2014: A hearing was held on the government's motion for forfeiture as to Nelms's interest in 8895 Lee Road.

## II.  DISCUSSION

With his response of July 30, 2014, Nelms is essentially asking that this court set aside the default the clerk of the court entered against him on February 27, 2012.  Whether Nelms is entitled to have the default against him set aside is controlled by Fed.R.Civ.P. 55(c), which provides that, "The court may set aside an entry of default for good cause." To determine whether there is good cause, courts look to a range of factors, including "whether the default was culpable or willful, whether setting it aside would prejudice the adversary,

and whether the defaulting party presents a meritorious defense." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir.1996).

At the hearing on September 12, it became clear to the court that, although in prison since 2011 and although of limited education, Nelms fully appreciated what was at issue when he was served in November 2011. Yet for three years he did absolutely nothing to protect his interests. The court does not believe that there is any good cause for his failure in this regard. Moreover, all pretrial proceedings (including discovery) are at an end and this case is ready to go to trial. To set aside the default against Nelms at this time and then to allow all pretrial proceedings (including discovery and the filing and resolution of dispositive motions) to be reopened as to all claimants (for efficiency dictates that all claims as to all parties should be resolved in one trial) would greatly prejudice not only the plaintiff

4

but also the other claimants who also surely want this case resolved soon as possible.  And whether Nelms has a meritorious claim is debatable at best.

The court therefore declines to set aside the default against Nelms.  An appropriate order will be entered granting plaintiff United States of America's motion for partial decree of forfeiture and severance as to the interest of Nelms in 8895 Lee Road, Waverly, Alabama

DONE, this the 24th day of September, 2014.


/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE